Smith, P. J.
Action on a promissory note given by defendant to plaintiff. Counter claim, alleging that the note was given as part of the purchase price of one-half of a map roller factory and of the tools, lumber and stock on hand, pursuant to a contract, which provided that an inventory of said stock was to be taken, at the cost of manufacturing thereof, and if the same fell short of $2,000, the deficiency was to be deducted from the purchase price ; and that the stock inventoried at about $1,600, and defendant demanded judgment for $400. The plaintiff replied, alleging that the stock was inventoried, showing a deficiency of $66.53 which was endorsed on the note.
The contract was in writing, and it provided that the stock should be inventoried, and if the inventory should fall short, or overrun $2,000, the deficiency or surplus was to be allowed on either side, and added to or deducted from the agreed purchase price.
The contract was dated the 8th of February, 1883. It appeared in evidence that after the agreement was made the plaintiff conveyed to the defendant the property bargained for, and the defendant paid therefor as provided in the contract, and soon after took possession. About a week subsequently to his taking possession an inventory was begun, but during its progress the parties disagreed as to the price of certain articles, and the defendant objected to the price at which they were entered in the inventory. The defendant continued in possession. It does not appear that he ever demanded another inventory, or that one was made.
Henry Martin, a witness for the plaintiff, testified that the parties called on him to make an inventory, and he asked how they wanted it made. Brown replied that he wanted it made out as they ordinarily did it, and the witness explained that they had been in the habit of inventorying the lumber at what it cost, estimating the unfinished work at cost and the finished work at the prices they sold for, less five per cent, and that he understood from the parties that he was to make the inventory on that basis, and he did so. That testimony was in substance controverted by the defendant.
*673 The court expressed the opinion that there was no question for the jury, and directed a verdict for the plaintiff for the amount of the note less the endorsement above mentioned.
The defendant’s counsel asked to go to the jury upon the questions whether an inventory was made, and whether the property was worth the amount charged by the plaintiff. The court refused and the defendant’s counsel excepted.
The counter-claim alleged that the stock was to be inventoried at the cost of manufacturing it, but the contract does not so provide. The contract is silent as to the basis upon which the inventory was to be made. That an inventory "was made is undisputed. And in the main, it seems to have been satisfactory to both parties. There was no objection made to it in respect to the quantity of stock. The defendant’s dissatisfaction related merely to the price fixed upon a part of the articles composing the stock. He seems to have gone on using those articles with the rest of the stock, and not asking for a new inventory, or that the inventory made be altered as to those articles. The plaintiff testified that he endorsed on the note the amount of the deficiency shown by the inventory, and afterwards ex hibited the endorsement, as he thought, to the defendant, who made no objection to it that plaintiff knew of. The defendant was examined as a witness in his own behalf after that testimony was given, but he did not contradict it. It appears that at different times he complained that the inventory was too high, but he did not ask to take steps to have it corrected.
In view of the provision of the contract that the price was to be fixed by an inventory, there was no question of value in the case. If there was an inventory that was to control, and upon the question whether' the provision of the contract that an inventory should be made was complied with, we think the trial judge properly held that there was no conflict of evidence, and that the defendant is to be held to have acquiesced by his acts in the inventory that was made.
These views lead to an affirmance of the judgment and order.
Haight and Bradley, JJ., concur; Barker, J., not sitting. _